**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DALI WIRELESS, INC., <br><br>  Plaintiff, <br><br> v. <br><br> COMMSCOPE TECHNOLOGIES LLC, and COMMSCOPE HOLDING COMPANY, INC., <br><br>  Defendants. | ) <br> ) <br> ) <br> ) C.A. No. 19-952-MN <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) <br> ) <br> ) <br> ) |

**STIPULATION AND SOURCE
<u>CODE PROTECTIVE ORDER</u>**

The parties jointly move for and stipulate to the entry of this Source Code Protective Order, which supplements the general Protective Order submitted by the parties. The provisions in the general Protective Order generally applicable to Confidential Information shall also apply with equal force to Attorney Eyes Only – Source Code.

1. Unless otherwise agreed to in writing between the Producing Party and the Receiving Party, all relevant and properly requested Source Code designated as "Attorney Eyes Only – Source Code" shall only be provided on stand-alone computers (that is, computers not connected to a network, Internet or a peripheral device) ("Source Code Computer") residing in secure locations at the offices of (a) the Producing Party, (b) the Producing Party's Outside Counsel or (c) a third party in either Seattle, Menlo Park, Hickory, Minneapolis, or Wilmington. The election between the above locations for production rests with the Producing Party.

2. Review shall be during regular business hours, which, for purposes of this paragraph, shall be 9:00 a.m. through 5:00 p.m. local time. The Parties agree to cooperate in good faith, such that maintaining the producing Party's Source Code at the offices of the Producing Party, the Producing Party's Outside Counsel, or third party secure facility, will not

unreasonably hinder the Receiving Party's ability efficiently and effectively to conduct the prosecution or defense of this action.

3. Each time counsel for the Receiving Party requests a review of Source Code on the Source Code Computer, it must give at least fourteen (14) days' notice to the counsel for the Producing Party that it will be sending individual(s) authorized to review the Source Code made available on the Source Code Computer. The Receiving Party shall identify all individuals who will be given access to the Source Code at least seven (7) days prior to any inspection, after which time the producer may object to providing Source Code access to any persons so identified. The Receiving Party is entitled to inspect on as many separate occasions as reasonably needed within the timing procedures given above and the Court's Scheduling Order Fact Discovery Cut Off.

4. Proper identification of all authorized persons shall be provided prior to any access to the secure facility or the Source Code Computer. Proper identification is hereby defined as a photo identification card sanctioned by the government of a U.S. state, by the United States Federal Government, or by the nation state of the authorized person's current citizenship. Access to the secure facility or the Source Code Computer may be denied, at the discretion of the Producing Party, to any individual who fails to provide proper identification.

5. The Producing Party shall make a Source Code Computer available for use during deposition by persons authorized to have access to such materials, upon request from the Requesting Party made at least fourteen (14) business days in advance.

6. The parties shall take reasonable steps to produce all source code with any software required to allow review of the code in a manner reasonably equivalent to the review in the ordinary course of business by the Producing Party. Further, the parties agree that the

Receiving Party and its expert(s) shall be permitted to have installed and to execute software search tools and other software used to review (including print) Source Code of their choice on the stand alone computer(s).  Notwithstanding the foregoing sentence, the Producing Party shall not be required to have installed on the stand alone computers software requested by the Receiving Party that requires substantial, unreasonable modifications (e.g., substantial, unreasonable modifications to hardware or software) to the stand alone computer(s) prepared by the Producing Party to review the Source Code. The Requesting Party seeking the use of any software to facilitate review of the Source Code shall provide physical media to the Producing Party that includes software sufficient for the Producing Party to install the particular software sought by the Requesting Party on a stand-alone computer.  Costs associated with the purchase of a particular software tool (including any licenses required to use the particular software tool on the stand-alone computer) shall be borne by the party requesting its use.

7. The Source Code Computer shall be equipped to print copies of limited aspects of the Source Code on pre-Bates numbered paper, which shall be provided by the producer.  A party may only print a reasonable number of pages where the pages are narrowly tailored to needs of this case.  No more than 300 pages of the total source code may be in printed form at any one time, and all printed source code shall be logged by the recipient.  Additionally, the Receiving Party shall not print any continuous block of source code that results in more than 50 printed pages.  If necessary, the Receiving Party may request to print additional pages in excess of the limits above, which request the Producing Party shall not unreasonably deny.

8. In addition to other reasonable steps to maintain the security and confidentiality of the Producing Party's Source Code, printed copies of the Source Code maintained by the Receiving Party must be kept in a locked storage container when not in use.  No electronic

copies of the source code shall be provided. Other than in connection with pleadings filed under seal and depositions designated Attorney Eyes Only – Source Code, the Receiving Party may make no more than five (5) copies of printed Source Code without the express written permission of the Producing Party. Hard copies of the Source Code also may not be converted into an electronic document and may not be scanned using optical character recognition ("OCR") technology.

9. Unless agreed to by the Producing Party, no outside electronic devices, including, but not limited to, laptops, floppy drives, zip drives, or other hardware shall be permitted in the secure room, nor shall any cellular telephones, personal digital assistants (PDAs), cameras, voice recorders, dictaphones, telephone jacks, or other devices be permitted inside the secure room, nor shall any nonelectronic devices capable of similar functionality be permitted in the secure locations.

10. The Receiving Party's counsel shall keep a log that records the identity of each individual to whom each hard copy of the Source Code is provided and when the hard copy was provided to that person, and within 60 days after the issuance of a final, non-appealable decision resolving all issues in the case, the Receiving Party must serve upon the Producing Party the log and, at the Producing Party's option, either serve upon the Producing Party, or certify the destruction of, all paper copies of the Producing Party's Source Code. In addition, all persons to whom the paper copies of the Source Code were provided must certify in writing that all copies of the Source Code were returned to the counsel who provided them the information and that they will make no use of the Source Code or of any knowledge gained from the Source Code in any future endeavor.

11. Access to and review of the Source Code shall be strictly for the purpose of investigating the claims and defenses at issue in the above-captioned cases. No person shall review or analyze any Source Code for purposes unrelated to this case, nor may any person use any knowledge gained as a result of reviewing Source Code in this case in any other pending or future dispute, proceeding, or litigation.

| | |
|---|---|
| */s/ David E. Moore*<br>David E. Moore (#3983)<br>Bindu A. Palapura (#5370)<br>Stephanie E. O'Byrne (#4446)<br>Potter Anderson & Corroon LLP<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>(302) 984-6000<br>dmoore@potteranderson.com<br>bpalapura@potteranderson.com<br>sobyrne@potteranderson.com<br><br>*Attorneys for Plaintiff Dali Wireless, Inc.* | */s/ Kelly E. Farnan*<br>Kelly E. Farnan (#4395)<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 N. King Street<br>Wilmington, DE 19801<br>(302) 651-7700<br>farnan@rlf.com<br><br>*Attorneys for Defendants CommScope Technologies LLC and CommScope Holding Company, Inc.* |

IT IS SO ORDERED this 10th day of January, 2020.

_____
The Honorable Maryellen Noreika
United States District Judge