IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DALI WIRELESS, INC., )<br>)<br>    Plaintiff, )<br>)<br>  v. )<br>)<br>COMMSCOPE TECHNOLOGIES LLC and )<br>COMMSCOPE HOLDING COMPANY, )<br>INC., )<br>)<br>    Defendant. ) | C.A. No. 19-952 (MN) |

**ORDER**

At Wilmington this 8th day of December 2021:

WHEREAS, Plaintiff Dali Wireless, Inc. has filed a Partial Motion for Summary Judgment of No Invalidity (D.I. 244), which seeks summary judgment of no invalidity of the asserted claims of U.S. Patent No. 8,682,338 on at least six separate grounds (*i.e.*, the asserted claims are not anticipated under 35 U.S.C. § 102, not obvious under 35 U.S.C. § 103, not indefinite under 35 U.S.C. § 112, not lacking written description under § 112, not lacking enablement under § 112 and, finally, not invalid for derivation under § 102(f));

WHEREAS, Plaintiff has also filed a Motion for Summary Judgment Regarding CommScope's Equitable Affirmative Defenses (D.I. 239), which seeks summary judgment on a number of affirmative defenses raised by Defendants and which Defendants maintain have been withdrawn from the case (*see* D.I. 264 at 1);

WHEREAS, Defendants CommScope Technologies LLC and CommScope Holding Company, Inc. ("Defendants" or "CommScope") have filed an Omnibus Motion for Summary Judgment (D.I. 246), which seeks summary judgment on at least five separate grounds (*i.e.*, non-infringement based on "translating a downlink signal," non-infringement based on the "routing

and switching" step, no willful infringement, invalidity under § 112 for indefiniteness and invalidity under § 102(f) for derivation);[1]

WHEREAS, Defendants have also filed a Cross-Motion for Summary Judgment (D.I. 269), which seeks summary judgment that the asserted claims are invalid for lack of written description under § 112 and, further, that the Hettstedt prior art reference provides an enabling disclosure;

WHEREAS, an important purpose of summary judgment is to narrow the issues for trial by resolving issues that can be decided in a party's favor as a matter of law because there is no genuine dispute of material fact – *i.e.*, it is not to conduct a *de facto* bench trial of sorts based on shotgun theories and voluminous submissions that burden the parties and waste judicial resources;

WHEREAS, there is sound reasoning in the ranked-choice procedure adopted by Chief Judge Connolly to combat excessive summary judgment motion practice in patent cases (*see* https://www.ded.uscourts.gov/sites/ded/files/FINAL%20STANDING%20ORDER%20FOR%20SUMMARY%20JUDGMENT%20PRACTICE%20IN%20PATENT%20CASES.pdf); and

WHEREAS, the Court believes that this case is one in which excessive summary judgment motion practice has unnecessarily burdened the parties and the Court.

THEREFORE, IT IS HEREBY ORDERED that, on or before December 13, 2021:

1. The parties shall meet and confer and attempt in good faith to reach a resolution as to the affirmative defenses (and anticipation defense) withdrawn by Defendants and shall file a joint letter with the Court indicating whether such a resolution has been reached such that Plaintiff's motion (D.I. 239) need not be addressed by the Court;

---

[1] It strains credulity to believe that there is not a single genuine issue of material fact in any of the six grounds raised in Plaintiff's motion or any of the five grounds raised in Defendants' motion.

2. To the extent that the parties contend that disputes over claim *scope* still remain and must be resolved before an issue goes to the jury, the parties' aforementioned joint letter shall also set forth what term(s) are still disputed, what issue(s) are implicated by the dispute over claim scope and each side's proposed construction for the disputed term(s);

3. Plaintiff shall file a one-page letter with the Court ranking the grounds for summary judgment raised in its Partial Motion for Summary Judgment (D.I. 244) in whatever order it chooses but with the understanding that once the Court denies summary judgment as to any single ground raised in Plaintiff's motion, the Court will not address any summary judgment grounds that were ranked after that ground; [2] and

4. Defendants shall file a one-page letter with the Court ranking the grounds for summary judgment raised in its Omnibus Motion for Summary Judgment (D.I. 246) and Cross-Motion (D.I. 269) in whatever order it chooses but, again, with the understanding that once the Court denies summary judgment as to any single ground raised in Defendants' motions, the Court will not address any summary judgment grounds that were ranked after that ground.

_____
The Honorable Maryellen Noreika
United States District Judge

---

[2] For example, if Plaintiff places no anticipation as the first ground on its list and the Court denies summary judgment as to that ground, the Court will deny Plaintiff's motion and not review any summary judgment grounds ranked after anticipation.