IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| DALI WIRELESS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-952 (MN) |
| | ) | |
| COMMSCOPE TECHNOLOGIES LLC and | ) | |
| COMMSCOPE HOLDING COMPANY, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

At Wilmington this 28th day of January 2022:

Before the Court are a number of pretrial motions filed by the parties:  (1) Plaintiff Dali

Wireless, Inc.'s ("Plaintiff" or "Dali") Partial Motion for Summary Judgment of No Invalidity

(D.I. 244), which seeks summary judgment of no invalidity of the asserted claims of U.S. Patent

No. 8,682,338 ("the '338 patent") on the grounds of anticipation under 35 U.S.C. § 102 and

obviousness under 35 U.S.C. § 103;[1] (2) Defendants CommScope Technologies LLC and

CommScope Holding Company, Inc.'s ("Defendants" or "CommScope") Omnibus Motion

(D.I. 246), which seeks summary judgment of non-infringement based on the absence of multiple

claim elements, no willful infringement, invalidity under § 112 for indefiniteness, invalidity under

§ 102(f) for derivation, as well as the exclusion of opinions of Plaintiff's damages expert, James

J. Donohue; (3) Defendants' Cross-Motion for Summary Judgment (D.I. 269), which seeks

---

[1]    Plaintiff also moved for summary judgment of no invalidity on the grounds of derivation under pre-AIA § 102(f) and § 112 (*see* D.I. 244; D.I. 248 §§ IV(C)-(D)), but withdrew those grounds (D.I. 294).  Additionally, Plaintiff filed a Motion for Summary Judgment Regarding CommScope's Equitable Affirmative Defenses (D.I. 239).  That motion was previously denied as moot.  (D.I. 296).

summary judgment that the asserted claims are invalid for lack of written description under § 112 and that the Hettstedt prior art reference (U.S. Patent No. 8,032,148) provides an enabling disclosure; and (4) Plaintiff's Motion to Exclude Opinions of Dr. Anthony Acampora and Ms. Julie Davis (D.I. 242).

The parties have ranked the grounds for summary judgment raised in their motions with the understanding that once the Court denies summary judgment as to any single ground raised in a motion, the Court will not address any summary judgment grounds that were ranked after that ground. (D.I. 292 & 294). The Court addresses the motions in turn:

### 1. Plaintiff's Motion for Summary Judgment (D.I. 244)

The first-ranked ground in Plaintiff's motion is that the V.5.6.0 ETSI Specification is not incorporated into the Hettstedt prior art reference. (D.I. 294). Defendants do not dispute this, instead asserting that "Dali's arguments about the UMTS standard (ETSI/3GPP TS 25.423) are largely irrelevant as CommScope does not need to prove Hettstedt incorporated the standard for obviousness." (D.I. 270 at 15). The Court will, thus, grant this portion of the motion as unopposed and move to the second-ranked ground.

The second-ranked ground in Plaintiff's motion is that Dr. Acampora has not shown that the V.5.6.0 ETSI Specification was publicly available. (D.I. 294). As to this issue, there appear to be genuine issues of material fact in dispute (*compare* D.I. 248 at 18-20, *with* D.I. 270 at 15-16), and the Court will deny Plaintiff's motion on this ground and not address the remaining grounds.

### 2. Defendants' Cross-Motion for Summary Judgment (D.I. 269)

The sole basis for Defendants' cross-motion for summary judgment is its opposition to Plaintiff's motion for summary judgment regarding (1) whether the Hettstedt prior art reference

provides an enabling disclosure and (2) CommScope's defense that the asserted claims of Dali's patent lack written description support. As the Court has not addressed those grounds in Plaintiff's motion, it declines to reach the same grounds presented by Defendants and will deny Defendants' cross-motion as well.

### 3. Defendants' Motion for Summary Judgment and to Exclude Donohue (D.I. 246)

#### A. Summary Judgment

The first-ranked ground in Defendants' motion as it pertains to summary judgment is non-infringement because "CommScope does not practice the inter-related "packetizing" and "translating" steps. (D.I. 292). Defendants assert that this issue implicates two disputes about claim scope: (1) the antecedent basis for "the" base band signals and (2) whether "as appropriate" refers to an "appropriate RF frequency band" or indicates that the translating step only need be done where there is a signal at RF that needs to be translated to base band. According to CommScope (and undisputed by Dali), if the Court adopts CommScope's construction regarding either of these two terms, there is no dispute that the Court should grant summary judgment of non-infringement. (D.I. 295 at 3). The Court has already indicated that it will address the claim construction disputes separately. (D.I. 301). Thus, although the Court will deny this ground for summary judgment based on the current record, after the Court construes the terms, it will address how those constructions dispose of infringement or noninfringement arguments.

Having denied Defendants' first ground as premature (pending any claim construction ruling) rather than on the substance, the Court will address Defendants' second ranked ground: no willfulness. "Under *Halo*, the concept of "willfulness" requires a jury to find no more than deliberate or intentional infringement." *Eko Brands, LLC v. Adrian Rivera Maynez Enterprises, Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020) (citing *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct.

1923, 1933 (2016)).  Here, the question is whether CommScope had knowledge of infringement.

Knowledge of infringement "may be inferred based on surrounding circumstances, taken

collectively and in context."  *Ravgen, Inc. v. Ariosa Diagnostics*, No. 20-1646-RGA-JLH, 2021

WL 3526178, at *3 (D. Del. Aug 11, 2021) (citing *3Shape A/S v. Align Tech., Inc.*, No. 18-886-

LPS, 2019 WL 1416466, at *2 (D. Del. Mar. 29, 2019)).  Although it seems a close call on the

facts presented, the Court is satisfied that genuine issues of material fact exist as to Defendants'

knowledge of infringement.[2]  The Court will thus deny Defendants' motion on this ground and not

address the remaining grounds.[3]

       **B.**      **Defendants' *Daubert* Motion to Exclude Testimony of James Donohue**

Defendants move to preclude the opinions of Plaintiff's damages expert, James Donohue,

regarding his calculation of a reasonable royalty.   (D.I. 247 at 38-48).  Mr. Donohue calculated

his royalty using three approaches:  (1) an income approach (also referred to as "cost savings")

that looked at CommScope's cost savings from its infringement, (2) a market approach that

considers other purportedly comparable licenses and CommScope's licensing policy, and (3) a

cost approach that estimates the amount of money that would be required to build a non-infringing

alternative.  Defendants object to the first two approaches.

CommScope argues that Mr. Donohue's income ("cost savings") approach is both

inconsistent with the infringement arguments of Plaintiff's technical expert and nonsensical.

---

[2]    Dali may use its limited trial time pursing its allegations of willfulness should it choose to do so.  The question of whether willfulness, even if found, would result in enhancement of damages is, of course, different and one for the Court to decide.

[3]    Although the Court does not address Defendants' third-ranked ground for summary judgment – another non-infringement argument based on claim construction – to the extent that the Court's construction of any term at issue there is dispositive of arguments of infringement or noninfringement, it will address those issues after claim construction.

Neither argument is availing.  As to the inconsistency, CommScope argues that infringement is directed to "an excerpt" of the totality of the Smart Reuse function in the source code, but damages are based on "the entirety" of that feature.  (*See, e.g.*, D.I. 247 at 44-46).  That, however, is not a complete picture of the infringement position.  Dali's technical expert also opined that the '338 patent is required to enable OneCell's "efficient distribution of resources," and the '338 patent's "claimed load percentage is critical to [OneCell's] frequency reuse feature."  (D.I. 252 Ex. 7 [Bims Report] ¶ 80; Ex. 8 [Corrected Bims Reply Report] ¶ 62).   As Dali puts it, "CommScope cannot offer Smart Reuse, and thus achieve the benefits of that feature, without infringing the '338 patent." (D.I. 265 at 43).  Similarly, Defendants' assertion that looking at the "cost savings" is non-sensical because it allocates all of the savings to Dali isn't an accurate portrayal of the opinion.  As Plaintiff points out, "Mr. Donohue's methodology does not actually capture all the cost savings realized via the '338 patent because Mr. Donohue opined that "projected cost savings based on the use of Cell Virtualization could range from a minimum of at least 25% to in excess of 50%."  (D.I. 265 at 44-45 (quoting D.I. 252, Ex. 34,[4] ¶ 35)).

As to the market approach, Defendants argue that Mr. Donohue's reliance on CommScope's licensing policy (which does not appear to have been actually the subject of a license) and on a license with a company called Kathrein are improper and render his analysis unreliable.  (*See* D.I. 247 at 46-48).  As to the licensing policy, the Court agrees.  Plaintiff has not presented the Court with any case in which a company's out-licensing policy (rather than actual licenses) has been considered.  As to the Kathrein license, the Court will reserve and allow the parties the opportunity to address this issue again at the pretrial conference.

---

[4]     Defendants cite to Exhibit 35, but the Donohue Reply report is Exhibit 34.

**4.      Plaintiff's *Daubert* Motion to Exclude Testimony of Anthony Acampora and Julie Harris**

Plaintiff moves to exclude the opinions of Defendants' technical expert, Dr. Acampora, on six grounds, as well as to exclude the opinion of Defendants' damages expert, Julie Harris, on one an additional ground.  (*See generally* D.I. 243).

The first few grounds relate to prior litigation between the parties involving different products and patents in the Northern District of Texas – *e.g.*, Dr. Acampora's discussion of his personal experience participating in the Texas case, the verdict in that case, and his opinions about the expired '982 patent family asserted in that case.  (*See* D.I. 243 at 10-14).  The Texas litigation is of tangential relevance and may confuse the jury.  Thus, the Court will grant the motion.  That being said, however, Defendants may request permission for Dr. Acampora to discuss particular aspects of the Texas case during this trial after it becomes clear how Plaintiff relies on the patents or other issues in Texas in connection with its damages analysis or claims of willful infringement.

Second, Plaintiff seeks to preclude Dr. Acampora from offering opinions relating to the Kathrein license.  (*See* D.I. 243 at 14-15).  To the extent that the Kathrein license is admissible, the issue of comparability of that license is likely to be an issue in this case.  Thus, if Plaintiff is permitted to rely on that license, Dr. Acampora may offer opinions on its technological comparability.

Third, Plaintiff objects to Dr. Acampora's claim construction for "downlink signals."  (*See* D.I. 243 at 16-17).  No expert will be permitted to testify inconsistently with the Court's claim constructions.  The Court, however, has already agreed to receive additional submissions on certain disputed claim terms and will thus, deny Plaintiff's motion as premature.

Fourth, Plaintiff objects to Dr. Acampora's review of an uncertified translation of the Comba I reference in formulating his opinions.  (*See* D.I. 243 at 17-18).  It appears that Dr.

Acampora, however, also reviewed the certified translation of Comba I and is not offering different opinions based on the certified translations.  To the extent that Plaintiff wishes to cross-examine Dr. Acampora on what he reviewed, however, Plaintiff may obviously do so.

Fifth, Plaintiff objects to Dr. Acampora's characterization of Dali's interrogatory responses. (*See* D.I. 243 at 18-19).  This argument does not seem to raise *Daubert* issues, but rather evidentiary ones and thus the Court will deny the motion on this ground.  If Plaintiff wishes to address the topic of the admissibility of its assertions that it "readily admits" its inventors "derived" the invention, it may do so in connection with motions *in limine*.

Finally, Plaintiff objects to Ms. Davis's reliance on Dr. Acampora's objectionable testimony.  (*See* D.I. 243 at 16).  To the extent that the Court has ruled that Dr. Acampora cannot offer testimony, neither can Ms. Davis.  To the extent Dr. Acampora may testify, Ms. Davis may rely on that.

_____
The Honorable Maryellen Noreika
United States District Judge