**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DALI WIRELESS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 19-952-MN |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| COMMSCOPE TECHNOLOGIES LLC, and | ) | |
| COMMSCOPE HOLDING COMPANY, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT STATUS REPORT**

Plaintiff Dali Wireless, Inc. and Defendants CommScope Holding Co., Inc. and CommScope Technologies LLC write to provide this joint status report per the Court's directive at the conclusion of the February 24 supplemental claim construction hearing. The parties have met and conferred.

**Agreed Statement**

The parties agree that the trial presently calendared for next month should not proceed as scheduled, and that all pretrial deadlines should be canceled. Based on the hearing transcript, Dali anticipates that it cannot prove infringement under the Court's claim construction (to which Dali reserves all objections) based on the existing factual record.

**Dali's further statement**

Dali reserves all rights pending issuance of the Court's formal supplemental claim construction opinion and order. Presuming that the Court's final order does not substantially depart from the Court's remarks as reflected in the hearing transcript, Dali anticipates that it cannot prove infringement under the Court's claim construction (to which Dali reserves all objections) based on the existing factual record. With that said, based on issues newly raised by the Court's

supplemental claim construction, Dali is presently considering whether to request that the Court reopen fact and expert discovery, so that Dali may further investigate whether a viable infringement theory exists—which theory Dali has reason to believe exists and would otherwise have pursued during fact and expert discovery had CommScope timely raised its claim construction positions that were instead advanced for the first time during summary judgment briefing. Dali should be able to determine whether it intends to so request within 14 days of the Court's issuance of its formal claim construction order.

If Dali concludes that such discovery is not called for, Dali expects that it will instead promptly coordinate with CommScope to file a stipulated judgment of non-infringement, so that Dali may proceed to appeal the Court's claim construction ruling.

Dali does not make this request for purposes of delay. Rather, Dali is following the Court's guidance, as expressed during the February 24 hearing, that the Court "will issue an order stating my rulings" (Rough Tr. 63:2), and the Court's related directive to the parties to assess "what the effect of these constructions are and whether it's an issue where we need to go forward to trial or whether the parties would agree to a judgment" (*id.* 73:3-11), based on a full assessment of the record in light of the Court's new claim construction.

Further, CommScope selectively quotes below the agreed portion of this joint status report, omitting that Dali's position is premised on both Dali's expectation regarding the Court's forthcoming claim construction order, and the presently existing factual record. To the extent the Court permits CommScope to make a submission as set out below, Dali requests the opportunity to respond in kind.

**CommScope's response to Dali's further statement**

CommScope requests the Court order the parties to meet and confer to submit a proposed judgment of non-infringement consistent with the undisputed facts in CommScope's Concise Statement of Facts within 3 days. *Compare* D.I. 249 ¶¶2-3, 5, 22 *with* D.I. 266 ¶¶2-3, 5, 22 (Dali's response: "Undisputed"). Dali has stated above on Page 1 that it "cannot prove infringement under the Court's claim construction." Dali's insistence on a written order repeating the Court's construction is unnecessary delay, and Dali's vague request for discovery has no merit. To the extent the Court is considering delaying entry of judgment, CommScope respectfully requests the opportunity to submit a 2-page letter detailing the reasons why such a request would have no merit.

|  | Respectfully submitted, |
|---|---|
| POTTER ANDERSON & CORROON LLP | RICHARDS, LAYTON & FINGER, P.A. |
| By:  */s/ David E. Moore*_____ | By:  */s/ Kelly E. Farnan*_____ |
| David E. Moore (#3983) | Kelly E. Farnan (#4395) |
| Bindu A. Palapura (#5370) | Valerie A. Caras (#6608) |
| Carson R. Bartlett (#6750) | One Rodney Square |
| Hercules Plaza, 6th Floor | 920 N. King Street |
| 1313 N. Market Street | Wilmington, DE 19801 |
| Wilmington, DE 19801 | Tel: (302) 651-7700 |
| Tel: (302) 984-6000 | farnan@rlf.com |
| dmoore@potteranderson.com | caras@rlf.com |
| bpalapura@potteranderson.com |  |
| cbartlett@potteranderson.com |  |
|  | *Attorneys for Defendants CommScope* |
| *Attorneys for Plaintiff Dali Wireless, Inc.* | *Technologies LLC and CommScope Holding* |
|  | *Company, Inc.* |

Dated: February 28, 2022
10055758/47952